**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Hireguru, LLC, | ) | C/A No.: __3:16-1669-MBS__ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| Julius Walker McKay, Jr., McKay Consulting Group, LLC, and Sean Rankin, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Julius Walker McKay, Jr., McKay Consulting Group, LLC, and Sean Rankin hereby file their Notice of Removal and remove this case on the following grounds.

Plaintiff commenced this action on April 21, 2016 in the Court of Common Pleas for the Fifth Judicial Circuit, County of Richland. *See* Complaint, attached as Exhibit 1. Plaintiff's Complaint asserts various state-law causes of action, including civil conspiracy, fraud, breach of contract, and a request for injunctive relief. *See id.* The essence of Plaintiff's Complaint is that Defendants misappropriated software on Plaintiff's websites (www.hireguru.com and www.innervue.net) which "allow[s] … customers to interview candidates for employment positions through software contained on the website[s]." *Id.* at ¶ 6. Plaintiff seeks monetary damages and injunctive relief restraining and enjoying Defendants from developing and/or using a competing website and/or software. *See generally* Complaint.

Defendants McKay and McKay Consulting Group, LLC were served with a copy of the Summons and Complaint by personal delivery on April 25, 2016. Defendant Rankin was served on April 27, 2016. Accordingly, this Notice is being filed within thirty days after Defendants'

1

receipt of the initial pleading setting forth the claim for relief upon which the action is based, as required by 28 U.S.C. § 1446(b).

## STATUTORY BASIS FOR FEDERAL JURISDICTION

This action is within the original subject matter jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331.  Section 1331 grants the federal district courts original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Moreover, district courts have exclusive jurisdiction of any civil action relating to copyrights.  28 U.S.C. § 1338(a).

The Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.* protects "original works of authorship fixed in any tangible medium of expression."  17 U.S.C. § 102.  While the Copyright Act "has never accorded the copyright owner complete control over all possible uses of his work," it does grant a copyright holder exclusive rights to use, and authorize the use of, his or her work in five ways: (1) to reproduce the copyrighted work; (2) to prepare derivative works; (3) to distribute copies of the work by sale or otherwise; and, with respect to certain artistic works, (4) to perform the work publicly; and (5) to display the work publicly.  *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984), 17 U.S.C. § 106.

Congress retains the exclusive authority to regulate copyrights.  U.S. Const. art. I, § 8, cl. 8.  As of January 1, 1978, federal copyright law preempted "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by 102 and 103."  17 U.S.C. § 301(a).  To prove copyright infringement, a plaintiff must show that he owned the copyright to the work that was allegedly infringed, and that the defendant "trespass[ed] into his exclusive domain by using

2

or authorizing the use of copyrighted work in one of the five ways set forth in the statute." *Sony Corp.*, 464 U.S. at 433; *see also Towler v. Sayles*, 76 F.3d 579, 581 (4th Cir. 1996) (explaining ownership and infringement elements of copyright violation claim").

"The preemptive force of § 301(a) of the Copyright Act transforms a state-law complaint asserting claims that are preempted by § 301(a) into a complaint stating a federal claim for purposes of the well-pleaded complaint rule. Since claims preempted by § 301(a) arise under federal law, removal of actions raising these claims to federal district court are proper." *Rosciszewski v, Arete Associates*, 1 F.3d 225, 232 (4th Cir. 1993). Once these preempted state law claims are removed to federal court, they are recharacterized as federal copyright claims and litigated as such. *Wharton v. Columbia Pictures Industries, Inc.*, 907 F.Supp. 144, 146 (D.Md. 1995).

Plaintiff's claims for civil conspiracy, breach of contract, and demand for injunctive relief are preempted by federal copyright law. Both prongs of the court's preemption analysis are met because the software allegedly misappropriated by Defendants falls within the scope of the subject matter of copyright, 17 U.S.C. § 102(a) (the subject matter of copyright is "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device").[1] In addition, rights Plaintiff seeks to vindicate through the Complaint are equivalent to those protected by the Copyright Act and thus, federal law preempts some or all of Plaintiff's state law claims and demands for relief.

---

[1] *See also M. Kramer Mfg. Co. v. Andrews*, 783 F.2d 421, 434-35 (4th Cir. 1986) (computer programs are copyrightable); *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1249 (3d Cir. 1983) ("a computer program, whether in object code or source code, is a 'literary work' and is protected from unauthorized copying, whether from its object or source code version"), *cert dismissed*, 464 U.S. 1033 (1984).

3

**PROPRIETY OF REMOVAL**

For the foregoing reasons, this Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) and this action may be removed pursuant to 28 U.S.C. § 1441. To the extent any claims in Plaintiff's Complaint are not preempted by the Copyright Act, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because all claims in Plaintiff's Complaint "are so related to claims in the action within [this Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

The United States District Court for the District of South Carolina, Columbia Division, is the federal judicial district encompassing the South Carolina Court of Common Pleas for the Fifth Judicial Circuit, County of Richland, where this suit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a). Likewise, all Defendants are residents and/or maintain their principal place of business in this district and venue is proper under 28 U.S.C. § 1400(a).

Pursuant to the provisions of 28 U.S.C. § 1446, Defendants will promptly file a copy of this Notice of Removal with the clerk of the South Carolina Court of Common Pleas for the Fifth Judicial Circuit, County of Richland and will serve a copy of it upon counsel for Plaintiff.

WHEREFORE, notice is hereby given that this action is removed from the South Carolina Court of Common Pleas for the Fifth Judicial Circuit, County of Richland to the Columbia Division of the United States District Court for the District of South Carolina.

[SIGNATURE ON FOLLOWING PAGE]

        Respectfully submitted,

        ADAMS AND REESE LLP

        s/John J.Pringle, Jr._____
        John J. Pringle Jr. (Fed. ID No. 6870)
        Lyndey Ritz Zwingelberg (Fed. ID No. 11506)
        1501 Main Street, Fifth Floor
        Columbia, South Carolina 29201
        Telephone: (803) 254-4190
        Facsimile:  (803) 779-4749
        jack.pringle@arlaw.com
        lyndey.zwing@arlaw.com

        *Attorneys for Defendants Julius Walker McKay, Jr.,*
        *McKay Consulting Group, LLC, and Sean Rankin*

May 24, 2016.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Hireguru, LLC, | ) | C/A No.: _____ |
| Plaintiff, | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| Julius Walker McKay, Jr., McKay Consulting Group, LLC, and Sean Rankin, | ) | |
| Defendants. | ) | |

I hereby certify that on this 24th day of May, 2016, a copy of the foregoing Notice of Removal was electronically filed with the Clerk of the Court, United States District Court for the District of South Carolina and served upon the following via hand-delivery and United States Postal Service with sufficient postage affixed thereto:

<u>*VIA U.S. MAIL:*</u>
Nathan E. Huff, Esquire
Law Office of Nathan E. Huff
228 Baston Road
Augusta, GA  30907
nhuff@nehlaw.com
*Attorneys for Plaintiff*

<u>*VIA HAND-DELIVERY:*</u>
Richland County Clerk of Court
1701 Main Street, Room 205
Columbia, SC 29201

s/John J.Pringle, Jr._____