IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Hireguru, LLC, | ) |
| | ) C/A No. 3:16-cv-01669-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| Julius Walker McKay, Jr.; | ) |
| McKay Consulting Group, LLC; and | ) |
| Sean Rankin, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the court on a motion for remand brought by Plaintiff Hireguru, LLC ("Plaintiff"). ECF No. 11. Defendants Julius Walker McKay, Jr.; McKay Consulting Group, LLC; and Sean Rankin ("Defendants") have filed a memorandum in opposition to Plaintiff's motion. ECF No. 17.

**BACKGROUND**

Plaintiff commenced this action on April 21, 2016 in the Court of Common Pleas for the Fifth Judicial Circuit, Richland County, alleging that Defendants conspired to access and use proprietary information from Plaintiff's website, accessible at www.hireguru.com and www.inervue.net. ECF No. 1-1. Plaintiff requested injunctive relief and asserted the following state law causes of action: civil conspiracy, fraud, and breach of terms and conditions. *Id.* On May 24, 2016, Defendants removed the action to this court pursuant to 28 U.S.C. §§ 1331 and 1338(a). ECF No. 1. In their notice of removal, Defendants alleged that some or all of Plaintiff's state law causes of action were preempted by the Copyright Act of 1976, codified at 17 U.S.C. §§ 101, *et seq.* ("Copyright Act"). On June 17, 2016, Plaintiff filed the instant motion to remand. ECF No. 11.

Defendants filed a response in opposition on July 5, 2016. ECF No. 17. Plaintiff filed a reply on July 15, 2016.

## DISCUSSION

In its motion for remand, Plaintiff argues that Defendants have failed to meet their burden in seeking removal under the doctrine of complete preemption. ECF No. 11 at 3. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In order to determine if an action arises under federal law, the court must apply the well-pleaded complaint rule. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law" in pleading its case. *Id.*

However, there is an "independent corollary" to the well-pleaded complaint rule, which is known as the complete preemption doctrine. *Caterpillar*, 482 U.S. at 393. Under this doctrine, a defendant may argue federal preemption as a defense to a federal suit; and in certain instances, the force of the preemptive statute may be "so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* (internal quotations omitted). A complaint purporting to raise only state law claims may be deemed to "aris[e] under the . . . laws . . . of the United States" pursuant to 28 U.S.C. § 1331, and be deemed removable to federal court pursuant to 28 U.S.C. § 1441(b). In their notice of removal

and subsequent memorandum, Defendants contend that Plaintiff's claims are subject to the doctrine of complete preemption. ECF Nos. 1 and 17.

The Fourth Circuit has addressed the doctrine of complete preemption as it relates to the Copyright Act. In *Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225, 229 (4th Cir. 1993), the Fourth Circuit noted that the aim of the Act is to provide for the protection of "original works of authorship fixed in [a] tangible medium of expression," including "compilations and derivative works." 17 U.S.C. §§ 102 and 103. Section 106 then enumerates the specific rights a copyright owner possesses in exclusivity: (1) reproduce the copyrighted work; (2) prepare derivative works; (3) distribute copies of the work by sale or otherwise; and, with respect to certain artistic works, (4) perform the work publicly; and (5) display the work publicly. *Rosciszewski*, 1 F.3d at 229.

Next, the Fourth Circuit examined the portion of the Act providing for federal preemption:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 [of the Copyright Act] in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title.

17 U.S.C. § 301. In examining the language of § 301, the Fourth Circuit established a two-prong inquiry to aid courts in identifying whether state law claims are preempted: (1) the work is within the scope of the "subject matter of copyright," as specified in §§ 102 and 103; and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as specified in § 106. *Rosciszewski*, 1 F.3d at 229.

Defendants assert that Plaintiff's state law claims meet both prongs of the *Rosciszewski* inquiry and are therefore preempted. Under the first prong, Defendants look to the "original works of authorship" language of § 102. Defendants appear to characterize Plaintiff's " computer program

3

and/or software" as original works of authorship, rendering them subject matters of copyright. ECF No. 17 at 5. Plaintiff does not dispute that its "proprietary ideas and trade secrets" do not qualify as original works of authorship.

Plaintiff does, however, argue that the second prong of *Rosciszewski* has not been met. According to Plaintiff, the terms and conditions to which Defendants agreed,[1] offer protections "well beyond what is offered by the Copyright Act." ECF No. 18 at 3. For example, Plaintiff highlights language in its terms and conditions that prohibits users from "reverse enginer[ing] . . . any part of the Website, Service or Content or any parts thereof." ECF No. 11 at 4 n.3. However, under the Copyright Act, reverse engineering has been deemed "fair use" and is not afforded protection. *Atari Games Corp. v. Nintendo of Am. Inc.*, 975 F.2d 832, 843 (Fed. Cir. 1992) ("[R]everse engineering object code to discern the unprotectable ideas in a computer program is a fair use."). From this, Plaintiff argues that the terms and conditions on its website offer protections in excess of those offered by the Copyright Act. Therefore, Plaintiff concludes, a breach of contract action seeking to enforce those terms and conditions is broader than, and thus not equivalent to, a copyright infringement cause of action.

Defendants argue that Plaintiff's breach of contract claim is not "qualitatively different from a copyright infringement claim," and thus preemption must occur. ECF No. 17 at 12 (citing *Rosciszewski*, 1 F.3d at 229-30). Defendants rely on *U.S. ex rel. Berge v. Bd. of Tr. of the Univ. of*

---

[1] It appears that Defendants clicked or affirmed the terms and conditions on Plaintiff's website during the registration process. Complaint, ECF No. 1-1 ¶ 41. Courts have recognized these "clickwrap agreements" as valid, enforceable contracts. *See Kraft Real Estate Investments, LLC v. HomeAway.com, Inc.*, No. 4:08-CV-3788, 2012 WL 220271, at *7 (D.S.C. Jan. 24, 2012) (citing *A.V. v. iParadigms, L.L.C.*, 544 F. Supp. 2d 473, 480 (E.D. Va. 2008), *rev'd in part on other grounds by A.V. ex rel. Vanderhye v. iParadigms, LLC*, 562 F.3d 630 (4th Cir. 2009).

4

*Alabama*, 104 F.3d 1453, 1463 (4th Cir. 1997), wherein the court stated that the second prong of *Rosciszewski* will be satisfied unless there is an "extra element" to the state law claim. Under this precedent, Defendants assert that Plaintiff's state law claims have offered no such element. However, Defendants do not address Plaintiff's discussion of reverse engineering. Defendants fail to address the "extra element" asserted by Plaintiff and instead surmise that Plaintiff's breach of contract claim is "substantively identical." ECF No. 17 at 16. The court is unpersuaded by Defendants' argument and finds that Plaintiff's breach of contract claim seeks to enforce an element unavailable under the Copyright Act. The court agrees with Plaintiff and finds that the second prong of *Rosciszewski* has not been met.

As for Plaintiff's fraud cause of action, the court holds that it is not preempted by the Copyright Act. While Defendants argue that Plaintiff's allegation of fraud is essentially a backdoor challenge to copyright infringement, courts have distinguished fraud from copyright infringement and found no preemption. *See Integrative Nutrition, Inc. v. Acad. of Healing Nutrition*, 476 F. Supp. 2d 291, 298 (S.D.N.Y. 2007) ("Therefore, the fraud claim contains, at the very least, the additional element of intentional deception, which renders it qualitatively different from a claim for copyright infringement.") (internal quotations omitted).

Next, the court holds that Plaintiff's civil conspiracy cause of action is not preempted by the Copyright Act. Defendants rely on language from the Fourth Circuit stating that "the additional elements required to prove conspiracy to infringe copyrights are not sufficient to escape the Copyright Act's ambit of preemption." *See Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 311 (4th Cir. 2012). However, the case upon which Defendants rely involved both a civil conspiracy claim and a copyright infringement claim. Plaintiff brings no such

5

copyright infringement claim, and as discussed above, the court will not construe its breach of contract claim as such. Furthermore, courts have distinguished claims of civil conspiracy and found no preemption when the underlying tort is something other than copyright infringement. *See Xpel Techs. Corp. v. Am. Filter Film Distribs.*, 2008 WL 3540345 at *8, 2008 U.S. Dist. LEXIS 60893 at *24 (W.D.Tex. Aug. 11, 2008) (holding that civil conspiracy claim was not preempted with respect to the underlying torts of fraud and misrepresentation).

## CONCLUSION

Based upon the foregoing, the court holds that Plaintiff's state law claims are not completely preempted by the Copyright Act, and thus removal is not proper. Given that the court does not have original jurisdiction over Plaintiff's claims, the court also declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Plaintiff's motion to remand is **GRANTED**.

**IT IS SO ORDERED.**

                                                    s/ Margaret B. Seymour
MARGARET B. SEYMOUR
Senior United States District Court Judge

August 31, 2016
Columbia, South Carolina